1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL M.

                    Plaintiff,

         v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:23-cv-5340-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

defendant's denial of plaintiff's application for disability benefits under Title II of the

Social Security Act. Dkt. 5. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter

heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's

decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

On September 2, 2020, plaintiff filed a Title II application for disability insurance

benefits, alleging an onset date of July 17, 2019. AR 15. The date last insured would be

December 31, 2024. AR 33. Plaintiff's claims were denied initially and upon

reconsideration. AR 15. On January 6, 2022, a hearing was held before Administrative

Law Judge ("ALJ") Malcolm Ross. AR 30-58. On February 25, 2022, ALJ Ross issued

an unfavorable decision. AR 15-25.

1

The ALJ found plaintiff to have the following severe impairments: lumbosacral degenerative disc disease, left hand arthritis, osteoarthritis, and dermatitis. AR 17. As a result, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: occasional climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; frequent bilateral overhead reaching; frequent bilateral handling and fingering; and frequent exposure to extreme cold, vibrations, and hazards such as unprotected heights and dangerous machinery. AR 18.

<u>DISCUSSION</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**1. Plaintiff's statements regarding symptoms and limitations**

Plaintiff challenges the ALJ's evaluation of his testimony, arguing that the ALJ's analysis is insufficiently clear and specific. Specifically, plaintiff challenges the ALJ's evaluation of his activities, the objective evidence and the reason why plaintiff left his last job.

Plaintiff testified that his hands "break out, they break open, they bleed, they swell up. . .. [T]hey lock up". AR 40. He stated that he had a finger that was infected for several months, but he continued to work in food service despite the infection. AR 47. At the time of the hearing, plaintiff indicated that his hands ache, he could not comb his hair because his fingers would get stuck, and he cannot open things – but that his hands are not as bad when he does not work. AR 47, 52.

The ALJ's determinations regarding a claimant's statements about symptoms and limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of their symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Plaintiff states that it is difficult for him to work or perform household chores as a result of his eczema. AR 236, 237, 256. Nonetheless, the ALJ gave several reasons for questioning the reliability of plaintiff's allegations including that plaintiff admitted he stopped working for reasons unrelated to the hand condition symptoms or impairments,

his daily activities were inconsistent with his complaints about the severity of his

dermatitis, and the medical evidence demonstrated that plaintiff frequently had no

"significant skin abnormalities." AR 19-23. These reasons were clear and convincing,

and supported by substantial evidence.

The ALJ noted that plaintiff stopped working for reasons unrelated to his

dermatitis. Rather, he was fired for having a "bad attitude."[1] He also testified that he

could work part-time. AR 776-777. Further, the ALJ commented on plaintiff's activities of

daily living:

> The claimant attends to his personal needs and grooming without
> assistance, drives, and prepares meals. Additionally, the claimant shops in
> stores, visits with friends, and texts. Further, the claimant testified that he
> lives with his daughter and son in law, cleans the house and bathroom,
> does laundry twice a week, goes for walks, and spends time on the
> computer daily.

AR 18-19. Based on this, the ALJ concluded that plaintiff's activities demonstrated a

"relatively normal day-to-day functionality that is inconsistent with the degree of

impairment the claimant alleges." AR 20.

Finally, the ALJ turned to plaintiff's medical record and noted that during several

of his examinations beginning in May 2020, while plaintiff had dry, red, and cracking

skin on his palms, his examinations did not reveal any significant musculoskeletal or

neurological abnormalities. AR 357- 360. In August 2020 and January 2021, the skin on

his hands improved. AR 346, 354, 356, 761. Based on this, the ALJ concluded that

plaintiff's level of impairment was not as significant as he alleges. AR 21.

The court finds no error in the ALJ's analysis.

---

[1] Plaintiff suggested that his bad attitude was the result of high blood sugars. AR 40.

### 2.  The ALJ's Reliance on Administrative Medical Findings

Plaintiff alleges that the ALJ should not have concluded that the State agency medical consultants' findings were persuasive and consistent with the record.

Dr. Wayne Hurley, the State agency medical consultant at the initial level, determined on March 8, 2021 that plaintiff can perform work at the light exertional level except he can occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds; can frequently overhead reach, handle, and finger bilaterally; and should avoid concentrated exposure to vibration and hazards such as dangerous machinery and unprotected heights. AR 69-75. Dr. Karine Lancaster, the State agency medical consultant at the reconsideration level, agreed (on August 26, 2021) with this determination. AR 90-93.

The ALJ found the State agency consultants' opinions persuasive because they were "supported by the explanation of the evidence the consultants considered in determining the claimant's functional limitations and are consistent with the record." AR 21. The opinions of the state agency medical consultants may constitute substantial evidence where they are supported by the medical record as a whole and are consistent with it. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[R]eports of the nonexamining advisor ... may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); *Magallanes v. Bowen*, 881 F.2d 747, 752–53 (9th Cir. 1989) (stating that "the reports of consultative physicians called in by the Secretary may serve as substantial evidence" where they are consistent with other evidence in the record).

The ALJ compared plaintiff's medical record specifically relating to his dermatitis

with the State agency consultants' findings and concluded that they were consistent with each other. AR 22. The Court finds that the ALJ fairly summarized the entire medical record and rationally determined that the opinions of the state agency medical consultants were generally consistent with the record.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 19th day of March, 2024

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge